IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT STRAVERS, JR., <br><br>           Petitioner, <br>vs. <br><br>DORA SCHRIRO, <br><br>           Respondent. | No.   CV 07-0466-PHX-DCG (BPV) <br><br>**REPORT AND RECOMMENDATION** |

On March 1, 2007, Robert Stravers, Jr., ("Petitioner"), an inmate confined under Department of Corrections custody in the Diamondback Correctional Facility in Watonga, Oklahoma, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254 ("Petition"). (Doc. No. 1.) Named as Respondent in the Petition is Dora B. Schriro. Respondent filed an Answer ("Answer") to the Petition on June 11, 2007, with exhibits A through O attached. (Doc No. 7) No reply was filed.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order dismissing the Petition.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On February 25, 2000, Petitioner was charged by the Grand Jurors of Maricopa County, Arizona, with: Count 1, Second Degree Murder; Count 2, Endangerment; Count 3, Leaving the Scene of a Fatal Accident; Count 4, Possession of Dangerous

1  Drugs; and Count 5, Possession or use of Marijuana, in violation of Arizona statutes.
2  (Answer, Ex. A)
3        On December 22, 2000, Petitioner entered a plea agreement to plead guilty to the
4  amended charge of manslaughter, a class 2 dangerous felony, and the State agreed to
5  dismiss the remaining charges, and also agreed that there would be no theft-related
6  charges based on the property found in the Petitioner's vehicle. (Id., Ex. B) The trial
7  court accepted the Petitioner's plea on that same date. (Id., Ex. C, at 14.)
8        On March 30, 2001, the trial court sentenced Petitioner to a 18 years'
9  imprisonment in the Arizona Department of Corrections. (Id., Ex. E.)

10     **B.**    **Petition for Post-Conviction Relief**

11       On June 7, 2001, Petitioner filed a notice of post-conviction relief ("PCR"). (Id.,
12 Ex. F) On November 25, 2001, appointed counsel, having reviewed the files and finding
13 no claim for relief, filed a "Notice of Completion of Post-Conviction Review by
14 Counsel; Request for Extension of Time to Allow Defendant to File *Pro Per* Petition
15 for Post-Conviction Relief." (Id., Ex. G)
16       On December 6, 2001, the trial court granted Petitioner's request to permit the
17 filing of a *pro per* petition for post-conviction relief, and an extension to and including
18 January 18, 2002, within which to file a *pro per* petition. (Id., Ex. H) On January 31,
19 2002, the court dismissed Petitioner's PCR proceeding because Petitioner failed to file
20 his petition. (Id., Ex. I) The dismissal was filed on February 5, 2002. (Id.)

21     **C.**    **Second Petition for Post-Conviction Relief**

22       On January 19, 2005, Petitioner, through counsel, filed a notice of post-
23 conviction relief. (Id., Ex. J) Petitioner acknowledged the untimeliness of the petition,
24 but stated that his claim was pursuant to Rule 32.1(g), specifically, that there had been
25 a "significant change in the law that if determined to apply to defendant's case would
26 probably overturn the conviction or sentence." (Id., at 2) Petitioner further stated as
27 support for the claim that "Defendant was sentenced in violation of principles
28

announced in Blakely v. Washington when sentenced to an aggravated term of imprisonment on the basis of aggravating factors not admitted by the defendant nor found beyond a reasonable doubt by a jury. Defendant was unaware at the time of the prior post conviction action that he had a Blakely-type claim for post conviction relief." (Id.)

On February 7, 2005, the trial court dismissed the notice of post-conviction relief, finding that Petitioner's conviction became final when he did not seek further review after the dismissal of his PCR by the trial court on June 14, 2002. (Id., Ex. K) The trial court explained that *Blakely* does not apply retroactively to convictions that are final, citing *Schriro v. Summerlin*, 124. S.Ct. 2519 (2004). (Id.)

Petitioner filed a Motion for Rehearing on February 16, 2005, arguing that summary dismissal of the notice of post-conviction relief was improper. (Id., Ex. L) The trial court denied the motion for rehearing on March 18, 2005. (Id., Ex. M)

On April 20, 2005, Petitioner filed a Petition for Review before the Arizona Court of Appeals. (Petition, ¶ 7, Answer, Ex. N[1]) The Court of Appeals denied review on March 2, 2006. (Petition, ¶ 8, Ex. H)

### D. Federal Habeas

Petitioner filed the present petition for habeas corpus in the District Court on March 1, 2007. (Doc. No. 1)

## II. DISCUSSION

### A. Standard of Review

---

[1] Respondent did not attach the first pages, including the caption page, to Exhibit N of her Answer. Exhibit N, at page 9, includes a signature line that corresponds in date to Petitioner's assertion that a Petition for Review was filed before the Arizona Court of Appeals, and indicates that it was submitted for Petitioner Robert Stravers, Jr. This Court concludes, therefore, that Exhibit N is pages 2-9 of the Petition for Review to the Court of Appeals filed by Petitioner on April 20, 2005.

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

**B.  Timeliness**

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.[2] *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), *overruled, in part, on other grounds by*, *Calderon v. United States Dist. Ct. (Kelly)* 163 F.3d 530, 540 (9th Cir.1998). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see also, Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir.2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003). "When

---

[2] In the wake of *Bowles v. Russell*, --- U.S. ----, 127 S.Ct. 2360 (2007), the availability of equitable tolling is in question. This Court, however, need not resolve the issue because even assuming equitable tolling remains viable after *Bowles*, Petitioner does not satisfy the requirements for such tolling.

- 4 -

external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon (Beeler)*, 128 F.3d at 1289, and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir.2007).

**C.   Analysis**

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely. Petitioner had until one year after his convictions and sentences became final to file his federal petition.

**D.   Limitation Period Under § 2244(d)(1)(A)**

Petitioner's conviction and sentence were based upon a guilty plea, and thus, under Arizona law, Petitioner's post-conviction relief proceedings were "of-right." *See* Rule 32.1, Az.R.Cr.P. Accordingly, AEDPA's statute of limitations did not begin to run until the conclusion of Petitioner's Rule 32 "of-right" proceedings. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (concluding that "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."); *see also* 28 U.S.C. § 2244(d)(a)(A) (stating that a judgment becomes final at the later of either the conclusion of direct review or the expiration of the time for seeking such review). Petitioner's conviction and sentence became final on March 7,

2002, thirty (30) days after the trail court summarily dismissed Petitioner's petition for post-conviction relief, when Petitioner's opportunity to petition the Arizona Court of Appeals for review had expired. *See* Rule 32.9(c), Ariz.R.Crim.P. (stating that defendant has 30 days after the filing of a decision to file a petition for review by the Arizona Court of Appeals). Although direct review is not normally complete until the time for filing a writ of certiorari to the United States Supreme Court has expired, *see Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999), certiorari can only be sought following a decision or denial of discretionary review by the state court of last resort, *i.e.* the Arizona Supreme Court. *See* SupCt.R.13. Accordingly, Petitioner was required to file his petition for writ of habeas corpus within 1 year of the date his convictions became final, *i.e.*, one year from March 7, 2002, absent statutory tolling.

### E. Limitation Period Under § 2244(d)(1)(C)

Alternatively, Petitioner asserts that a new rule of federal law was announced by the United States Supreme Court on the subject of aggravated sentencing, *i.e.*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), and Petitioner sought post conviction relief pursuant to Rule 32.1(g), filing a notice of post conviction relief in state court on January 19, 2005. (Petition, ¶ 5)

While the finality of the conviction is the normal commencement date for the habeas limitations period, the statute does provide an exception for changes in the law. Section 2244(d)(1)(C) provides that the period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner's direct review ended on March 7, 2002. This was long after the June 26, 2000 decision in *Apprendi* and before the 2004 decision in *Blakely*. Because it was long after *Apprendi*, Petitioner's reliance on that case does not affect his limitations period. Because it was before *Blakely*, it could serve to provide a later commencement

- 6 -

date, but only if *Blakely* has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

In *Rees v. Hill*, 286 F.3d 1103 (9th Cir.2002), the Ninth Circuit concluded that Apprendi was not retroactively applicable on habeas review, under the retroactivity standards established by *Teague v. Lane*, 489 U.S. 288, 308-310 (1989) (decisions establishing new rules of criminal procedure are not to be applied retroactively on habeas review, absent certain circumstances). Similarly, in *Cook v. U.S.*, 386 F.3d 949, 950 (9th Cir.2004), the Ninth Circuit drew upon its decision in *Rees* to conclude that *Blakely* was not retroactively applicable on habeas. Accordingly, the later decision in *Blakely* does not delay the commencement of Petitioner's one year limitations period. Accordingly, Petitioner's one year on all his claims began running on the expiration of his time for seeking review in his "of right" PCR proceeding, on March 7, 2002. Barring any applicable tolling, Petitioner's limitations period would have commenced running thereafter, and expired one year later on March 7, 2003.

**F.     Statutory Tolling**

The only tolling events occurring after the limitations period started were the filing of the notice of post conviction relief, motion for rehearing, and petition for review to the Arizona Court of Appeals. The AEDPA allows for tolling during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). The filing of the second notice on January 19, 2005 could not restart the statute of limitations because it had already lapsed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Thus, unless there is a basis for equitably tolling the limitations period, Petitioner's habeas petition, filed on March 1, 2007, is untimely.

- 7 -

**G.     Equitable Tolling**

Petitioner raises no grounds for equitable tolling in his petition, and did not file a reply.  Petitioner does not make a sufficient showing that these are "extraordinary circumstances" that caused the untimely filing of his Petition. "A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  The Magistrate Judge does not reach the Petitioner's or Respondent's alternate arguments the merits of this case.

**III.    RECOMMENDATION**

This Court recommends that the District Court, after its independent review of the record, dismiss this action in its entirety as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Fed.R.Civ.P. 72(b).   If objections are filed the parties should use the following case number: **CIV 07-466-PHX-DGC**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 16th day of June, 2008.

_____
Bernardo P. Velasco
United States Magistrate Judge

- 8 -