**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Stravers, Jr., | ) | No. CV 07-0466-PHX-DGC (BPV) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora Schriro, et al., | ) | |
| Respondents. | ) | |

Petitioner Robert Stravers, Jr., filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his sentence. Dkt. #1. Magistrate Judge Bernardo P. Velasco issued a report and recommendation ("R&R") in which he recommends that the Court dismiss the petition as untimely. Dkt. #8. Petitioner submitted objections to the R&R. Dkt. #11. As explained below, the Court will adopt the R&R and dismiss the petition.

**I.     Background.**

On December 22, 2000, Petitioner pled guilty in state court to a charge of manslaughter and, on March 30, 2001, was sentenced to a prison term of 18 years. Dkt. #1, Att. 4; Dkt. #7, Ex. E. Petitioner subsequently filed a notice of post-conviction relief and was given a deadline of January 18, 2002 by which to file a petition for post-conviction relief. Dkt. #7, Ex. F; Dkt. #1, Att. 3. Petitioner did not file a petition by that date, and the state court entered an order on February 5, 2002 dismissing the post-conviction relief proceeding. Dkt. #1, Att. 1.

1   On January 19, 2005, Petitioner filed a second notice of post-conviction relief. Dkt. #7, Ex. J. Petitioner noted that this petition would be untimely, but argued that the petition should be considered because of "a significant change in the law that if determined to apply to defendant's case would probably overturn the conviction or sentence." *Id*. at 2. In particular, Petitioner contended that he was "sentenced in violation of principles announced in *Blakely v. Washington*," a June 24, 2004 decision, and that he was "unaware at the time of the prior post-conviction action that he had a *Blakely*-type claim for post-conviction relief." *Id*. On February 7, 2005, the state court dismissed the notice of post-conviction relief. Dkt. #1, Att. 5. Petitioner's subsequent attempts to obtain appellate review of the dismissal were rejected. *See, e.g.*, Dkt. #7, Exs. L, M.

On March 1, 2007, Petitioner's counsel filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. Dkt. #1. "Petitioner asserts that his state court sentencing to an aggravated term of imprisonment is in violation of the new rule of federal constitutional law announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and reaffirmed in *Blakely v. Washington*, 542 U.S. 296 (2004)." *Id*. at 9. Specifically, Petitioner claims that his due process rights in light of *Apprendi* and *Blakely* were "violated by the sentencing procedure applied in this case as a result of the sentencing judge determining aggravating circumstances by a lesser standard of proof than constitutionally required." *Id*. at 12. He also argues that a transcript of his sentencing hearing was not prepared and as a result the aggravating factors considered by the sentencing court were not reviewed by any court to determine if the sentence complied with the new constitutional rule. *See id*. at 17.

**II.    The R&R.**

Judge Velasco found that the petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), which provides a one-year statute of limitations for section 2254 petitions. *See* Dkt. #8 at 4-5. According to the R&R, the one-year period began to run when Petitioner's conviction and sentence became final on March 7, 2002, thirty days after the state court dismissed the first petition for post-conviction relief. *Id*. at 5-6.

1  Judge Velasco noted, however, that the one-year period may also run from "the date
2  on which the constitutional right asserted was initially recognized by the Supreme Court, if
3  the right has been newly recognized by the Supreme Court and *made retroactively applicable*
4  *to cases on collateral review*[.]" *Id.* at 6 (quoting 28 U.S.C. § 2244(d)(1)(C); emphasis
5  added). Judge Velasco determined that Petitioner's direct review ended on March 7, 2002,
6  long after the June 26, 2000 decision in *Apprendi*, but before the 2004 decision in *Blakely*.
7  *Id.* Citing *Rees v. Hill*, 286 F.3d 1103 (9th Cir. 2002) and *Cook v. United States*, 386 F.3d
8  949 (9th Cir. 2004), Judge Velasco concluded that *Blakely* was not retroactive and therefore
9  did not extend the limitations period under section 2244(d)(1)(C). *Id.* at 7. Judge Velasco
10 therefore recommended that the petition be dismissed as untimely. *Id.* at 7-8.

**III.    The Objections.**

12 A party may file specific, written objections to an R&R within ten days after being
13 served with a copy of the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).
14 Petitioner filed, though counsel, timely objections. Dkt. #11. Petitioner does not dispute the
15 R&R's finding that the habeas petition was filed well after the expiration of AEDPA's statute
16 of limitations. *See id.* at 1-2 (conceding that "the initial filing period for a federal habeas
17 corpus petition passed long prior to the date on which his current, pending Petition was
18 filed[.]").

19 Petitioner seems to suggest, however, that he was precluded from filing a petition
20 within the one-year window because he lacked certain resources in prison, retaining an
21 attorney to exhaust his state court remedies proved difficult, and an attorney poorly pressed
22 his claims at the state court level. *See id.* at 2-3. Petitioner additionally argues that he
23 "should be allowed to present his claims for relief and his arguments in support of such relief
24 with an eye toward a ruling from the United States Supreme Court addressing the
25 retroactivity of *Blakely*," "should be permitted to seek federal appellate review of the issue
26 and even seek a ruling from the United States Supreme Court formally holding that the new
27 rule of constitutional law is entitled to retroactive application to his case," and "could not

have 'timely sought' federal review of the constitutional violation" because the statute of limitations expired in 2003 and *Blakely* was handed down in 2004. *Id.*

**IV.   Analysis.**

The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

Petitioner did not argue before Judge Velasco that his failure to file a timely petition was due to limited prison resources, difficulty in retaining an attorney, or the poor performance of his state court counsel. *See* Dkt. #1.[1] The Ninth Circuit has held "categorically that an unsuccessful party is not entitled as of right to *de novo* review by the [district] judge of an argument never seasonably raised before the magistrate." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (citation and internal quotes omitted). The district judge may, in his or her discretion, consider arguments raised for the first time in an objection to an R&R. *Id.* at 621-22. The Court elects not to entertain the new objections because Petitioner had a previous opportunity to raise them and failed to do so.

To the extent that the Court construes these objections as a plea for equitable tolling of the statute of limitations, the Court finds that equitable tolling is not appropriate in this case. To justify equitable tolling, Petitioner must show that "extraordinary circumstances beyond his control made it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (citation omitted). Petitioner "must show that the extraordinary circumstances were the but-for and proximate cause of his untimeliness." *Allen v. Lewis*, 255 F.3d 798, 800-01 (9th Cir. 2001) (citation omitted). The Court may equitably toll the AEDPA's limitation period only when this "very high threshold" is overcome. *Battles*, 362

---

[1] Ineffective assistance of counsel is mentioned in the petition (*see id.* at 2), but is not discussed as a ground for relief or a reason for why a timely petition was not filed.

- 4 -

F.3d at 1197.  Here, Petitioner has not shown how the alleged deficiencies in prison resources, *see Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), problems in retaining counsel at the state level, *see Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003), or his counsel's performance, *see Strickland v. Washington*, 466 U.S. 668, 686-87 (1984), were the but-for and proximate cause of his failure to file a timely petition.

With respect to Petitioner's *Blakely* arguments, "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."  *Tyler v. Cain*, 533 U.S. 656, 663 (2001).  The Ninth Circuit has affirmed the denial of a habeas petition because "the Supreme Court has not made *Blakely* retroactive to cases on collateral review."  *Cook*, 386 F.3d at 950.  Judge Velasco correctly concluded that *Blakely* does not extend the limitations period under section 2244(d)(1)(C).

**IT IS ORDERED:**

1. Magistrate Judge Velasco's R&R (Dkt. #8) is **accepted**.

2. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **dismissed**.

3. The Clerk of Court shall **terminate** this action.

DATED this 6th day of August, 2008.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge